MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Debra M. and Angel R. who are the biological parents of the minor children Anjelica A., born September 4, 1990, and Lizette R., born October 17, 1992, minor children.
The court finds that the mother has appeared and has a court appointed attorney. The mother in open court filed a consent to terminate her parental rights as to the minor child Lizette R. The court has accepted her consent and finds it to be voluntarily and understandably made with the advice and consent of her competent court-appointed attorney. The mother as present with her attorney during this present proceeding. She has contested the termination of her parental rights as to Anjelica A., and a trial has been set for next month with respect to that child. The petitioner, the Department of Children and Families ("DCF"), has orally requested and the court has granted, permission to amend the petitions to allege the consent of the mother as to Lizette R.
The court finds that the father has been served by publication, initially in the Record Journal, a newspaper circulating in Meriden, Connecticut, and, more recently by publication in a newspaper circulating in the City of New York, advising him of the court hearing of August 1, 1997 before the Child Protection session of the Superior Court in Middletown, Ct. CT Page 9806 In addition the court file reflects attempts at personal service and registered mail in Connecticut and New York. The court finds that the children went into care of DCF with Angel R's knowledge, that he has not visited the children or contacted DCF, thus indicating a complete lack of concern or interest in them. The court finds that diligent efforts were made to ascertain his whereabouts and provide notice to him of these proceedings. These efforts included talking to his own mother, as well as the mother of his children. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court and reasonable efforts have been made to reunify this family. The court specifically finds that the appointment of an attorney for the father, who has expressed not the least interest in his children, is wholly unnecessary.
The court having read the verified petitions, the social studies, and having heard the testimony of the present DCF case worker, makes the following findings by clear and convincing evidence.
The mother does not contest the termination of her rights. The testimony of the social worker and the social study (Petitioner's Exhibits 1 and 3) clearly support a finding that the mother has made an appropriate decision that is in the child Lizette R.'s best interest, that her parental rights be terminated and that the child be freed for adoption.
The court finds the following relevant facts. The parents were unmarried but lived with each other in a completely dysfunctional setting which required intervention by the Department of Children and Families on July 1, 1993. The children were removed and later Anjelica alone was returned to the parents on July 27, 1993. She was placed under the Protective Supervision of DCF. Anjelica was again ordered removed on December 7, 1993 but this was not accomplished since mother's whereabouts with Anjelica were, apparently unknown. The order of the court was vacated.
As of July 2, 1996, mother and Anjelica having been found by virtue of a complaint made by Angel's daughter by another relationship, both children have been in the care of DCF pursuant to court commitments. At the time Lizette was committed, mother reported to the social worker that father, Angel, had never held the child, ignores the child and has not been concerned about the child's welfare. (Petitioner's exhibit 1). According to the CT Page 9807 testimony of the social worker, Nydia Arroyo, according to her personal knowledge and a review of the DCF file, the children have had no contact with the father since, at least, the time of their commitment.
"Abandonment occurs where a parent fails to visit a child, does not display love or affection for the child, does not personally interact with the child, and demonstrates no concern for the child's welfare." In re Juvenile Appeal (Docket No.9489), 183 Conn. 11, 14, 438 A.2d 801 (1981).
The father, Angel R., is presently thirty-three years of age. The social study has limited information regarding his background since he failed to cooperate with the social worker. He has never made himself available for the delivery of social services nor has he requested visitation with his children. This court finds that the father took no action to maintain a relationship with his children; he did not visit them; he did not communicate with them; he did not provide guidance; he did not express concern; he did not visit with them.
ADJUDICATION
With respect to the statutory grounds for termination of parental rights, the court finds, by clear and convincing evidence, that Angel R. has abandoned Anjelica and Lizette, his children, within the contemplation and meaning of General Statutes § 17a-112 (c)(3)(A) and that this ground has existed for over one year. Nora A. has consented to the termination of her rights with respect to Lizette.
With respect to the mandatory factual findings required by General Statutes § 17a-112 (e):
1) The timeliness, nature and extent of services offered. The court finds that DCF was unable to provide services to Angel due to his complete lack of concern and interest in his children.
2) Whether DCF has made reasonable efforts to reunite the family pursuant to the Adoption Assistance and Children Welfare Act of 1980. No efforts were made to reunite Angel since he has not made his whereabouts known to DCF or his immediate family and accordingly, he was not available for the delivery of reunification services. CT Page 9808
3) The terms of applicable orders entered into and agreed to by any individual or agency and the extent of fulfillment of those obligations, etc. Angel R. was not available for the preparation of service agreements, expectations or evaluations.
4) The feelings and emotional ties of the children with respect to the parents and foster parents, etc. The court finds that the child Lizette has had no contact with her parents since her commitment on December 7, 1993 that no emotional bonds will be broken by termination of the parents' rights to this child. She recognizes her foster mother as "Mommy".
With respect to Anjelica and the respondent father, he has had no contact with her since her commitment. There are no emotional bonds to be broken as none exist.
5) As to the age of the children. The children are nearly 7 and 5 years of age. Our Supreme Court has long recognized the deleterious effect of prolonged temporary care of abused and neglected children. In re Juvenile Appeal (84-CD), 189 Conn. 276
(1983). The Appellate Court has also correctly noted, "[b]ecause of the psychological effects of prolonged termination proceedings on young children, time is of the essence . . ." In re AlexanderV., 25 Conn. App. 741, 748, 596 A.2d 930 (1992); see generally, JOSEPH GOLDSTEIN, ET AL., BEYOND THE BEST INTERESTS OF THE CHILDREN 99 (1979).
6) The efforts the parent have made to adjust their circumstances or conditions. The father Angel R. has made no known effort.
7) The court finds that there has been nothing to prevent the parents from maintaining a meaningful relationship with the children. There was no unreasonable conduct noted by DCF.
DISPOSITION
Based upon the foregoing findings, the court determines that it is in the children's best interest for a termination of parental rights to enter with respect to the mother Nora A. and the male biological parent Angel R. and, accordingly, a termination of their parental rights is ordered with respect to their rights in the minor child Lizette R. With respect to the minor child Anjelica, the father's rights are terminated on the ground of abandonment. The Commissioner of DCF is appointed CT Page 9809 statutory parent for Lizette for the purpose of securing an adoptive family. If the foster parents are willing to adopt, it is the court's direction that they receive first consideration. The commissioner shall file with this court, no later than 90 days following the date of judgment, a written report of efforts to effect such permanent placement and file further reports as are required by State and federal law.
With respect to Anjelica, she shall remain a committed child pursuant to existing court orders.
Francis J. Foley, III Presiding Judge Child Protection Session